[Civ. No. 2353.   First Appellate District.—June 1, 1918.]

## J. R. PRINGLE, Respondent, v. TAGGART ASTON, Appellant.

PROMISSORY NOTE—TIME OF PAYMENT — PAROL EVIDENCE.—Where a promissory note is by its terms made payable on a certain date, parol evidence is inadmissible in an action on the note to show that it was not to be paid until judgment was recovered in a certain pending action.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. Jas. M. Troutt, Judge.

The facts are stated in the opinion of the court.

Vincent Surr, for Appellant.

J. R. Pringle, *in pro. per.,* for Respondent.

BEASLY, J., *pro tem.*—Pringle sued Aston on a promissory note for three hundred dollars, dated July 17, 1913, and payable thirty days after date. Aston defended, alleging in his answer that he had been employed by Pringle and Richard Hart Keatinge as an engineer, and authorized to secure the services of certain help in his work, whom Pringle and Keatinge were to pay; that he secured the three hundred dollars from Pringle for this purpose, and paid the same to the employees accordingly; that a bank, of which Pringle was the attorney, was a creditor of this partnership between Pringle

and Keatinge, but that the bank did not know of Pringle's connection therewith; that to cover this up and hide Pringle's connection with this partnership from the bank, Aston gave Pringle the note in suit. Aston also filed a cross-complaint in which he averred that he had performed services for the partnership of the value of about three thousand dollars upon a contingent fee, to be derived from the sale of the properties upon which he had performed the engineering services, and that Pringle had without cause thwarted the sale, and thus prevented Aston from securing pay for his services. Pringle answered this cross-complaint, and, after denying its allegations, averred, among other things, that "cross-complainant appealed to plaintiff for financial assistance, alleging actual want and suffering on the part of cross-complainant and of the family of cross-complainant, and cross-complainant did then advise and state to plaintiff that the cross-complainant had a certain cause of action against the Sacramento Valley Electric Railway, and he promised and agreed with plaintiff that in the event that plaintiff rendered to cross-complainant financial assistance he, cross-complainant, would pay the moneys so advanced as and when he recovered on his cause of action against said Sacramento Valley Electric Railway; that thereupon and for no other reason plaintiff made the advance set forth in the complaint on file herein."

The court found against Aston on all the allegations of his answer and cross-complaint; but also found this last quoted and entirely immaterial allegation of Pringle's answer to be true, and that the defendant never recovered any money from the Sacramento Valley Electric Railway prior to the commencement of this action. Defendant's counsel pursuant thereto now asks this court to say that this action was, therefore, prematurely brought.

We cannot see it so. Pringle's allegation as to the promise of Aston to pay when he recovered upon the judgment was nothing more than a statement of the representations of Aston which induced Pringle to lend him the money, and was not, taken in connection with the other findings in the case, a condition precedent to a right of action upon the promissory note. Indeed, to hold that it was so would be to permit this verbal representation to vary the terms of the note as to the date of payment thereof, which we are not prepared to do

in order to save Mr. Aston from paying what is evidently a just debt.

The judgment is affirmed.

Kerrigan, J., and Zook, J., *pro tem.*, concurred.